UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

----------------------------------------------------
IN RE:                                              )    CASE NO.   09-21904 (ASD)
                                                    )
PETER DANIEL UTZ, SR.,                              )    CHAPTER   7
                                                    )
       DEBTOR.                                      )    Re: ECF NO.  42
----------------------------------------------------

**BRIEF MEMORANDUM OF DECISION AND ORDER
DENYING MOTION TO REIMPOSE THE AUTOMATIC STAY**

      On July 9, 2009, the above captioned bankruptcy case was commenced by Peter Daniel Utz, Sr. (hereinafter, the "Debtor"), by the filing of a voluntary petition under Chapter 7 of the United States Bankruptcy Code, and Bonnie C. Mangan, Esq. was duly appointed as the Chapter 7 trustee (hereinafter, the "Trustee"). On February 3, 2010, after notice and a hearing on RBS Citizens, N.A.'s, as successor by merger to Citizens Bank of Connecticut (hereinafter, "RBS") *Motion for Relief from Stay* (hereinafter, the "362 Motion"), ECF No. 31, the Court entered an *Order Granting Motion [for] Relief from Stay* (hereinafter, the "Order"), ECF No. 36, modifying the automatic stay of 11 U.S.C. §362(a) to permit RBS to continue and prosecute to judgment a foreclosure action (hereinafter, the "Foreclosure Action") and otherwise exercise its rights with respect to real property known as 735 Fire Street, Oakdale, Connecticut, (hereinafter, the "Property") in accordance with applicable state law. Since the date of the Order, RBS has successfully sought to enforce its rights in the Property in the Connecticut Superior Court (hereinafter, the "State Court"). A foreclosure sale was scheduled for August 24, 2012.[1]

---

[1] The August 24, 2012, sale date has been stayed by the State Court pending the resolution by this Court of the *Emergency Motion For Reinstatement of Automatic Stay,* ECF No. 42.

On June 4, 2012, Lorraine Utz (hereinafter, the "Movant"), the non-debtor former spouse of the Debtor filed an *Emergency Motion for Reinstatement of Automatic Stay* (hereinafter, the "Motion"), ECF No. 42, requesting that the Court reimpose the automatic stay, *inter alia*, "so that the Trustee can continue with her investigation and locate and take other assets for satisfaction of . . . debts." Motion, ¶11. RBS has responded by filing an objection to the Motion captioned *Reply to Emergency Motion for Reinstatement of Automatic Stay* (hereinafter, the "Objection"), ECF No. 45, asserting that the Movant lacks standing to prosecute the Motion, alleging reliance on the Order, and claiming prejudice by the delay in the filing of the Motion. A hearing was held on the Motion and the Objection on June 21, 2012 (hereinafter, the "Hearing"), at which the Movant and counsel for RBS appeared along with counsel for the Debtor.[2]

In the Motion, the Movant claims she did not receive notice of the 362 Motion, and an opportunity to object or request a hearing related thereto, Motion, ¶8, although title to the Property had been transferred to her by the Debtor in July 2009, as previously ordered by the State Court in their divorce judgment (hereinafter, the "Divorce Judgment"), Motion ¶4. The record of the case confirms her lack of notice, *see Notice of Bar Date Certification* (hereinafter, the "Notice Certification"), ECF No. 34, and the Movant asserts this alleged notice deficiency supports her request for relief. However, Rule 4001(a), Fed. R. Bankr. P., which, *inter alia*, governs service in a Chapter 7 case, and to the extent applicable to a Chapter 7 case, provides that "[a] motion for relief from an automatic stay

---

[2]Counsel for the Debtor, who also opposed the granting of the Motion, stated at the Hearing that the Trustee was unable to appear at the Hearing due to a conflict but had authorized him to represent that she did "not concur" with the Motion.

2

. . . shall be made in accordance with Rule 9014 and shall be served on any committee elected pursuant to [Bankruptcy Code] §705" (s*ee* Rule 7004), cannot be read to include the Movant as a party *required* to be served. While Rule 9014 requires that "reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought," the 362 Motion sought relief only as to the Debtor, such "relief" not being necessary as to the Movant, a non-debtor to whom the automatic stay did not apply. *Teachers Ins. & Annuity Assoc. v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986). ("It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants").  And, while Rule 4001(a)(1) includes a provision providing for notice "on such other entities as the Court may direct," such additional service was not ordered. The absence of specific notice to the Movant related to RBS's prosecution of the 362 Motion provides no basis for reimposition of the automatic stay at this time.

It is significant that the Chapter 7 Trustee, who was served with notice of the 362 Motion, *see* Notice Certification, did not interpose an objection to that motion, for, as Trustee and a fiduciary, had the Trustee believed the Property had value to the bankruptcy estate,  she would have been obligated to file an objection. *See*, *e.g.,* Bankruptcy Code §704(a).  Moreover, the 362 Motion had a sound basis as it alleged*, without objection, inter alia*, that no payments had been made to RBS since July, 2009.[3] It is also significant that at no time during twenty-eight (28) months since entry of the

---

[3]The 362 Motion was filed January 20, 2010.  At the Hearing it was undisputed that no payments to RBS have been made at any time following January 20, 2010 *to the present time*, and the Movant has not evidenced either the ability or the willingness to assume the obligation to make such payments.

3

Order, has the Trustee undertaken any action or initiated any proceeding to suggest a fresh interest in the Property as an asset that might benefit or be of value to the bankruptcy estate.[4]

Moreover, as a practical matter, reinstating the automatic stay would not benefit the Movant, or provide her the relief she seeks. At best, reimposition of the automatic stay would trigger a minor delay in the Foreclosure Action, during which time RBS would no doubt again move for relief from stay from this Court, relief from which, based upon the files and records of this case, RBS is virtually certain to obtain. A process whereby an order modifying the automatic stay is effectively vacated followed shortly thereafter by its reentry, provides no legitimate relief to the Movant, prejudices RBS, wastes the valuable time and resources of this Court, impedes and delays the timely resolution of proceedings before the State Court, and serves no legitimate purpose.

Finally, the actual relief the Movant seeks relates to allegations of, *inter alia,* "numerous misrepresentations, manipulations, and false testimony" amounting to "misconduct" by the Debtor, as found in the Divorce Judgment, *see* Motion ¶1, misuse of a line of credit on the Property in violation of that Judgment, *id*. ¶4, collusion with others to "avoid alimony and child support payments" and "avoid payment of the line of credit", *id*. ¶5, and allegations of "misappropriation" of custodial accounts.[5] While these

---

[4] The Movant appears to recognize that the Trustee intends to take no action with regard to the Property as she states "it is necessary to reinstate the stay so that the Trustee *can . . . take other assets* for satisfaction of [certain] debts." Motion, ¶11 (emphasis added). While recovery of *other assets* may benefit the Movant, the Order provides no impediment to the Trustee seeking to recover those assets.

[5] While not specifically alleged in the Motion, the Movant, at the Hearing, alleged, without factual dispute from the Debtor's attorney, that the Debtor misappropriated substantial sums of money from accounts in their children's names held by the Debtor as a custodian.

allegations, many supported by findings in the Divorce Judgment, paint a sorry picture of the Debtor, all are matters for the State Court to determine.

There is no reason or basis for this Court to order the reimposition of the automatic stay in this case. And, for the reasons discussed above, there is ample reason to conclude that such reimposition is not appropriate.

In accordance with the above,

**IT IS HEREBY ORDERED** that the Motion is **DENIED**, and

**IT IS FURTHER ORDERED** that the Objection is **SUSTAINED**.

Dated: June 26, 2012                                         BY THE COURT

Albert S. Dabrowski
United States Bankruptcy Judge